SOVEREIGN CAMP WOODMEN OF THE WORLD v. SHADDOX. (No. 1101.)

(Court of Civil Appeals of Texas. El Paso. Jan. 8, 1920.)

1. APPEAL AND ERROR ☞345(1)—NOTICE NOT GIVEN WITHIN TWO DAYS AFTER JUDGMENT WHERE MOTION FOR NEW TRIAL WAS NOT HEARD BY JUDGE WHO WAS DISQUALIFIED.

Where case was tried before special judge and final judgment was rendered July 30th, and motion for new trial was not filed until August 30th, and was presented to the regular judge, who declined to enter any order thereon because of his disqualification, a notice of appeal given on August 30th was not given within two days after judgment, or two days after judgment overruling a motion for new trial, as required by Rev. St. art. 2084.

2. APPEAL AND ERROR ☞396—PROPER NOTICE OF APPEAL JURISDICTIONAL.

Proper notice of appeal under Rev. St. art. 2084, is a jurisdictional matter.

3. JUDGMENT ☞407(4)—DISMISSAL OF APPEAL DOES NOT AFFECT SUIT TO SET ASIDE JUDGMENT.

The dismissal of an appeal because notice of appeal was not given within time does not affect any rights which appellant may have to set aside the judgment in a direct suit for that purpose.

Appeal from District Court, Erath County; Tam Chandler, Special Judge.

Action by Mrs. M. J. Shaddox against the Sovereign Camp Woodmen of the World. Judgment for plaintiff, and defendant appeals. Appeal dismissed.

Lattimore, Bouldin & Lattimore, of Ft. Worth, for appellant.
J. T. Daniel, of Stephenville, for appellee.

HIGGINS, J. Appellee's motion to dismiss this appeal is granted, and the cause dismissed for the following reasons.

[1, 2] First. This case was tried before a special judge, the regular judge being disqualified. Final judgment was rendered July 30, 1919. Motion for new trial was not filed until August 30, 1919. The motion was presented to the regular judge, who declined to enter any order thereon because of his disqualification. It appears from an affidavit of appellant's attorney that upon the refusal of the regular judge to act upon the motion the appellant then, on August 30th, gave notice of appeal. This is the only notice shown to have been given. It thus appears that notice of appeal was not given within two days after final judgment, or two days after judgment overruling motion for new trial, as required by article 2084, Revised Statutes. Proper notice of appeal is a jurisdictional matter. For failure to give the notice as required by law, the appeal must be dismissed. Gordon v. McCall, 56 S. W. 219.

Second. The bond filed in the case has never been approved by the clerk of the district court as required by law. It was filed by him, but his approval thereof has not been indorsed thereon. This second ground might probably be removed by this court granting the appellant an opportunity to file a properly approved bond, but it would be useless to take this action, because the appeal must nevertheless be dismissed for the reason first indicated.

[3] In appellant's reply to the motion to dismiss some matters are set up which possibly may be cause for setting aside the judgment in a direct suit for that purpose, and this dismissal, of course, does not affect any rights which appellant may have in that respect. We are not to be understood as expressing any opinion as to the merits of the matter set up in this reply as ground for setting aside the judgment in such a suit.

Appeal dismissed.